W. P. TRUMBO ET AL., Appellants, v. R. P. PRATT.

Drainage: SURFACE WATER. Lower lands are charged with the burden of taking care of the natural flow of surface water from the lands above; but a dominant proprietor can not materially increase this burden by ditching and draining other lands into a swale through which the surface water naturally flowed.

Same: OBSTRUCTION OF SURFACE WATER: ESTOPPEL. A dominant owner can not complain of the maintenance of a fence or water gate by the lower owner over a natural watercourse where the same enters his land, because it may impede the flow of rubbish and debris gathered by the water on the upper owner's land; and where such water gate or fence has been maintained by the lower owner for a long series of years in substantially the same manner the upper owner is on that ground estopped to complain of the same.

*Appeal from Van Buren District Court.*—HON. F. W. EICHELBERGER, Judge.

FRIDAY, JULY 8, 1910.

ACTION in equity to abate a nuisance. Judgment for the defendant. Plaintiffs appeal.—*Affirmed*.

*Walker & McBeth*, for appellants.

*Robert & H. B. Sloan*, and *Work & Brown*, for appellee.

SHERWIN, J.—The plaintiffs are the owners of lands on the west of a north and south public highway, and the defendant is the owner of land that abuts the same highway on the east. In its natural state there was a swale extending across the defendant's land into the land of the plaintiffs west of him. This swale was a natural course for the surface water of both tracts of land, and of some other land adjacent thereto. In 1884, the defendant constructed a ditch from the highway west of him southeast down through this swale across his land. This ditch has remained open ever since and has been gradually enlarged by the action of the water. The natural course of the drainage is from the northwest to the southeast, and after the defendant had constructed the ditch through his land the plaintiff Trumbo, or his father, ditched from the highway west through his land, and thus made a continuous water course across both farms and the highway. The defendant's farm has been fenced ever since he constructed his ditch, and he has always maintained a water gate where the ditch enters his land on the west.

The plaintiff brought this action to enjoin him from further maintaining such water gate, and to abate it as a nuisance. In its natural state the defendant's land was burdened with the natural flow of surface water from the land above. But the dominant proprietor had no right to increase the burden thus created by nature and the law. When the defendant constructed his ditch it is obvious that he facilitated the flow of water from his own land and from the land above him, and that the ditch itself is no obstruction to the plaintiff's rights. Had the swale remained in its original state, the defendant would have had the right to fence his land in such a way as not to unreasonably interfere with the surface drainage of the land above him, and it is manifest that he has the same right now. So far as the merits of this case are concerned then,

the question is whether the defendant's fence or water gate across the ditch is an unreasonable obstruction thereof.

A careful reading of the record convinces us that it is not. It is not seriously claimed that the gate is an obstruction in itself, but the contention is that it impedes the passage of the debris that is gathered from the lands of the plaintiffs and from the highways that contribute water to the ditch, and the evidence tends to show that the only rubbish which has lodged against the water gate has come from the lands of the plaintiff, Trumbo. It is apparent that Trumbo can not complain of any obstruction that he creates or permits by allowing corn stalks and straw to be taken from his land into the ditch. We are aware of no rule of law which requires the defendant to take care of water flowing from above and at the same time to take care of the rubbish which the dominant owner may see fit to send into the water, or permit to enter it. But aside from the above consideration, the evidence fails to show any serious obstruction to the free passage of water through the ditch. The weight of the evidence also shows that the water gate is in substantially the same condition, that it has been in for the past twenty-five years, and, for that reason alone, the plaintiffs are estopped from now complaining thereof. *Brown v. Armstrong*, 127 Iowa, 178; *Matteson v. Tucker*, 131 Iowa, 511.

The judgment of the trial court is right and it is *affirmed.*